UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

DAVID SMITH,

       Plaintiff,                                    Case No. 1:13-CV-348

v.                                                  HON. GORDON J. QUIST

COMMISSIONER OF SOCIAL SECURITY,

       Defendant.
_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION

      Plaintiff, David Smith, has filed Objections to Magistrate Judge Ellen S. Carmody's Report and Recommendation (R & R), issued on September 5, 2014, which recommends that the Court affirm the Commissioner's decision denying Plaintiff's claim for Supplemental Security Income benefits. Pursuant to 28 U.S.C. § 636(b)(1), this Court is required to review *de novo* those portions of the R & R to which specific objections have been made. The Court may accept, reject, or modify any or all of the magistrate judge's findings or recommendations. *Id.* After reviewing the R & R, Plaintiff's Objections, and the pertinent portions of the administrative record, the Court will overrule Plaintiff's Objections and adopt the R & R as the opinion of the Court.

      Plaintiff objects to the magistrate judge's conclusion that Plaintiff does not meet a listed impairment, arguing that he satisfies the requirements for mental retardation in section 12.05(C) of the Listing of Impairments. Specifically, Plaintiff takes issue with the magistrate judge's finding that he must satisfy the diagnostic description of mental retardation. He points out that he had one

IQ test where he received a score below 70, and he asserts that he has limitations in adaptive functioning.

The Sixth Circuit has previously addressed the issue presented, explaining:

> [I]t is not enough for a claimant to point to one IQ score below 71; the claimant must also satisfy the 'diagnostic description' of mental retardation in Listing 12.05. It is undisputed that no psychologist has diagnosed [the plaintiff] with mental retardation. The examiner and clinical psychologist who tested him diagnosed him instead as borderline intellectual functioning. Moreover, [the plaintiff] performed a number of common activities inconsistent with mental retardation . . . .

*Cooper v. Comm. of Soc. Sec.*, 217 F. App'x 450, 452 (6th Cir. 2007). Similarly, Plaintiff has been diagnosed as experiencing borderline intellectual functioning, and not mental retardation. Moreover, Plaintiff's activities do not support a finding of mental retardation. Accordingly, the ALJ's conclusion that Plaintiff did not satisfy the requirements of a listed impairment is supported by substantial evidence.

Therefore,

**IT IS HEREBY ORDERED** that the Magistrate Judge's Report and Recommendation issued September 5, 2014 (dkt. #16), is **ADOPTED** as the Opinion of the Court, and Plaintiff's Objections (dkt. # 17) are **OVERRULED**. The decision of the Commissioner denying benefits to Plaintiff is **AFFIRMED**.

A separate judgment will issue.

This case is **concluded**.


Dated: September 25, 2014            /s/ Gordon J. Quist
                                      GORDON J. QUIST
                                UNITED STATES DISTRICT JUDGE